IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| GLYNN JONES,<br><br>          Plaintiff,<br><br>vs.<br><br>CARGILL, INC.,<br><br>          Defendant. | No. 05-CV-129-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Plaintiff Glynn Jones's Motion in Limine ("Motion") (docket no. 29). Plaintiff seeks exclusion of four categories of evidence from trial: (1) any offers of settlement; (2) the arbitrator's decision; (3) the findings of the Cedar Rapids Civil Rights Commission ("CRCRC"), the Iowa Civil Rights Commission ("ICRC") and the Equal Employment Opportunity Commission ("EEOC") (collectively referred to as the "Administrative Agencies"); and (4) a statement Plaintiff made about Canadians.

## *II. BACKGROUND*

On July 26, 2005, Plaintiff filed a two-count Complaint against Defendant Cargill, Inc. In Count I, Plaintiff alleges race-based discrimination and retaliation, in violation of the Iowa Civil Rights Act of 1965, Iowa Code ch. 216 ("ICRA"). In Count II, Plaintiff alleges race-based discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981. On December 22, 2005, Defendant filed an Answer, in which it denied the substance of the Complaint.

On March 7, 2007, Plaintiff filed the Motion. On March 12, 2007, Defendant filed a Resistance. The Motion is fully submitted, and thus the court turns to consider it.

### III. OFFERS OF SETTLEMENT

Plaintiff asks the court to prohibit Defendant from introducing any evidence of conduct or statements made in settlement negotiations. Federal Rule of Evidence 408 states that "[e]vidence of conduct of statements made in compromise negotiations . . . is not admissible." Fed. R. Evid. 408. Further, Defendant states that it does not intend to introduce any such evidence. Accordingly, the court grants this aspect of the Motion. *Id.*

### IV. ARBITRATOR'S DECISION

Before the instant lawsuit was filed, an arbitrator found that Defendant did not discriminate against Plaintiff and thus did not violate a collective bargaining agreement ("CBA") between Defendant and the union that represents Defendant's employees. Plaintiff contends the arbitrator's decision is inadmissible hearsay and its probative value is substantially outweighed by its prejudicial effect. Plaintiff asks the court to exclude all evidence relating to the arbitrator's decision pursuant to Rules 403, 801 and 802.

Defendant argues that the text of the arbitrator's decision is not hearsay and is admissible. In the alternative, Defendant asks the court to let the jury hear evidence about the *outcome* of the arbitrator's decision.

An arbitrator's decision is potentially admissible evidence in a federal employment discrimination case. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974). The district court retains broad discretion to admit or exclude evidence relating to such a decision. *Id.*; *see also Wilmington v. J.I. Case Co.*, 793 F.2d 909, 919 (8th Cir. 1986) (confirming that the admissibility of an arbitrator's decision is discretionary). Relevant factors include:

> the existence of provisions in the [CBA] that conform substantially with Title VII, the degree of procedural fairness in the arbitral forum, adequacy of the record with respect to the issue of discrimination, and the special competence of particular arbitrators.

*Alexander,* 415 U.S. at 60. It is well-settled that "there is no requirement that the [district] court must allow an arbitration decision to be admitted at all." *Jackson v. Bunge Corp.*, 40 F.3d 239, 246 (7th Cir. 1994).

The court finds that the probative value of evidence relating to the arbitrator's decision is minimal and is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, as well as considerations of undue delay and waste of time. Fed. R. Evid. 403. It appears that the arbitrator's decision itself is cumulative of the evidence the parties expect to present at trial and thus minimally relevant and a waste of time. Further, the arbitration occurred *after* Defendant terminated Plaintiff; evidence of the outcome of the arbitrator's decision, therefore, does not *independently* bolster Defendant's claim that it had a lawful reason for Plaintiff's discharge. *Cf. Wilmington*, 793 F.2d at 919 (affirming district court's decision to admit the outcome of an arbitral decision, where arbitration occurred *before* the plaintiff's discharge, because evidence of such outcome gave the defendant "some help in articulating and supporting a legitimate reason for [plaintiff's] discharge").

Under the circumstances of this case, the court has substantial concerns about admitting any evidence relating to the arbitrator's decision, because it has the potential to "ursurp the jury's role in assessing credibility." *Wilmington*, 793 F.2d at 919 (affirming district court's decision to exclude the text of an arbitrator's decision); *see also Jackson*, 40 F.3d at 246 (affirming district court's decision to exclude an arbitrator's decision to forestall any "risk that the arbitrator's decision and rationale would be substituted for the jury's decision"). Moreover, such evidence would undoubtedly lengthen the trial and confuse the issues for the jury, because if the arbitrator's decision were admitted, Plaintiff would be permitted to present wide-ranging evidence about arbitral procedures, the CBA and the differences between arbitral and judicial proceedings and CBAs and federal employment discrimination laws. Indeed, the court notes that it appears that the arbitrator

3

was primarily concerned with racial discrimination *vel non*, not whether racial discrimination or retaliation played a part in Defendant's decision to discharge Plaintiff. *See, e.g., Jackson*, 40 F.3d at 246 (affirming exclusion of arbitral decision in part because arbitrator did not consider whether the defendant had a retaliatory motive).

Accordingly, the court shall grant this aspect of the Motion and exclude all evidence relating to the arbitrator's decision. Fed. R. Evid. 403; *cf. McAlester v. United Air Lines, Inc.*, 451 F.2d 1249, 1259 (10th Cir. 1988) (affirming exclusion of arbitral decision under Rule 403).[1] Because the court finds that the arbitrator's decision is inadmissible under Rule 403, it need not reach Plaintiff's hearsay arguments.

### V. FINDINGS OF THE ADMINISTRATIVE AGENCIES

Before this lawsuit was filed, Plaintiff filed a complaint with the CRCRC, which was later cross-filed with the ICRC and the EEOC. After investigating the complaint, the CRCRC issued a six-page report and returned a finding of "No Probable Cause as to race discrimination and retaliation." The ICRC and EEOC accepted the CRCRC's finding and closed their files without filing additional written reports.

Plaintiff contends that the findings of the Administrative Agencies are irrelevant, confusing and misleading. Plaintiff asks the court to exclude such findings pursuant to Rules 401, 402 and 403.

Defendant contends that the findings of the Administrative Agencies are not unfairly prejudicial or confusing. Although Defendant does not explain precisely how such findings are relevant at trial, Defendant offers to help the court craft a cautionary instruction that would "explain the significance of the administrative findings."

The court has the discretion to admit or exclude administrative agency findings. *See White v. Honeywell, Inc.*, 141 F.3d 1270, 1277 (8th Cir. 1998) (discussing EEOC

---

[1] If either party wishes to impeach a witness with the witness's testimony at the arbitration, the party shall refer to the arbitration generically as "a prior proceeding."

findings). "The court must exercise its discretion, however, to ensure that unfair prejudice does not result from a conclusion based on a cursory . . . review of the very facts examined in depth at trial." *Id.* (citations and internal quotation marks omitted).

For reasons similar to those explained in Part V of this Order, the court finds that the probative value of all evidence relating to the findings of the Administrative Agencies is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, as well as considerations of undue delay and waste of time. Fed. R. Evid. 403. All indications are that the evidence at trial and the evidence underlying the findings of the administrative agencies is the same; under such circumstances, the findings of the Administrative Agencies are minimally relevant and "would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusions . . . ." *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984). Admitting such evidence, however, would "necessitate[] the taking of additional evidence to apprise the jury of the nature and extent of the [Administrative Agencies'] investigation[s] . . . . [and thus] undoubtedly would . . . lengthen[] the trial." *Id.* Again, because the Administrative Agency proceedings began after Plaintiff's discharge, there is no indication that the Administrative Agency findings independently bolster Defendant's claim that it had a lawful reason for discharging Plaintiff.

Accordingly, the court shall grant this aspect of the Motion and exclude all evidence relating to the findings of the Administrative Agencies. Fed. R. Evid. 403; *cf. Abebe v. City of Waterloo, Iowa*, No. C98-2074-MJM, 2000 WL 34030862, *3 (N.D. Iowa Sept. 7, 2000) (Melloy, J.) (declining to spend "much of the Court's time . . . on the legitimacy of the EEOC investigatory process rather than the central issue in the case—whether [the Defendant] discriminated against Plaintiff in its decision not to hire her").

5

## VI. STATEMENTS ABOUT CANADIANS

Plaintiff once stated, in the presence of a Canadian janitor, that "[a]ll Canadians should be taken out and shot." Plaintiff asks the court to exclude this statement pursuant to Rules 401, 402 and 403. Plaintiff contends this evidence is irrelevant, unfairly prejudicial, confusing and misleading. Defendant represents to the court that it does not intend to seek admission of the statement unless Plaintiff attempts to introduce evidence regarding certain alleged "stray remarks" in Defendant's workplace. The "stray remarks" evidence consists of evidence that some of Defendant's employees used racial slurs in the workplace.

The court finds that Plaintiff's statement about Canadians is wholly irrelevant to the issues at trial and, therefore, is inadmissible. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). The jury will not be asked whether Plaintiff harbors animosity towards Canadians, but whether Defendant discriminated and retaliated against Plaintiff. Even if Plaintiff's animosity towards our northern neighbors were somehow relevant to the issues at trial, the court finds that any probative value is substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. There is some danger that the jury might punish Defendant because he harbors animosity towards Canadians.

## VII. DISPOSITION

**IT IS THEREFORE ORDERED:**

(1) Plaintiff's Motion is **GRANTED** (docket no. 29); and
(2) The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.

6

Case 1:05-cv-00129-LRR   Document 34   Filed 03/19/07   Page 6 of 7

**IT IS SO ORDERED.**

**DATED** this 19th day of March, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

7