**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| **GLYNN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 05-00129 LRR** |
| | ) | |
| **vs.** | ) | |
| | ) | **JOINT PROPOSED JURY** |
| **CARGILL, INCORPORATED,** | ) | **INSTRUCTIONS** |
| | ) | |
| **Defendant.** | ) | |

COMES NOW, Plaintiff, Glynn Jones, and Defendant, Cargill, Incorporated, and are hereby submitting the following joint proposed jury instructions in accordance with this Court's Scheduling Order.

FIEDLER & NEWKIRK, P.L.C.


___/s/ Thomas A. Newkirk___
Thomas A. Newkirk  PK 1015132
tnewkirk@fiedlernewkirk.com
2900 100th Street, Suite 209
Urbandale, Iowa 50322
Telephone:  (515) 254-1999
Fax:  (515) 254-9923
ATTORNEY FOR PLAINTIFF



___/s/ Mark L. Zaiger_____
MARK L. ZAIGER
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 Third Street SE, P.O. Box 2107
Cedar Rapids, IA 52406
PHONE: (319) 365-9461
FAX: (319) 365-8564
EMAIL: mlz@shuttleworthlaw.com
ATTORNEYS FOR DEFENDANT

1

# TABLE OF CONTENTS

**JOINT STATEMENT OF THE CASE** ……………………………………………………Pg. 4

| INSTRUCTION NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| 1. | **EXPLANATORY** | 5 |
| 2. | **JUDGE'S OPINION** | 6 |
| 3. | **CREDIBILITY OF WITNESSES** | 7 |
| 4. | **BURDEN OF PROOF** | 8 |
| 5A. | **AGENTS** | 9 |
| 6. | **CORPORATION** | 10 |
| 7. | **ELECTION OF FOREPERSON: DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; UNANIMOUS VERDICT; VERDICT FORM** | 11 |
| 8A. | **REASONABLE PERSON PERSPECTIVE** | 12 |
| 9A. | **TITLE VII – ELEMENTS** | 14 |
| 9B. | **TITLE VII – ELEMENTS** | 15 |
| 10A. | **RETALIATION FOR OPPOSITION TO HARASSMENT OR DISCRIMINATION** | 16 |
| 10B. | **RETALIATION FOR OPPOSITION TO HARASSMENT OR DISCRIMINATION** | 18 |
| 11A. | **RETALIATION FOR COMPLAINT OF RACIAL HARASSMENT** | 19 |
| 12. | **DEFINITION OF MOTIVATING FACTOR** | 20 |

Case 1:05-cv-00129-LRR-JSS    Document 35    Filed 03/19/07    Page 2 of 41

| | | |
|---|---|---|
| 13A. | **RETALIATION – ADVERSE ACTION** | 21 |
| 14A. | **BUSINESS JUDGMENT – MOTIVATING FACTOR** | 23 |
| 14B. | **BUSINESS JUDGMENT – MOTIVATING FACTOR** | 24 |
| 15. | **TITLE VII – "SAME DECISION"** | 26 |
| 16A. | **AFFIRMATIVE ACTION DUTIES AND POLICIES** | 27 |
| 17B. | **IMMUNITY** | 29 |
| 18B. | **GAP IN TIME** | 30 |
| 19A. | **TITLE VII – ACTUAL DAMAGES** | 31 |
| 19B. | **TITLE VII – ACTUAL DAMAGES** | 33 |
| 20A. | **PUNITIVE DAMAGES** | 35 |
| | **PLAINTIFF'S VERDICT FORM A** | 37 |
| | **DEFENDANT'S VERDICT FORM B** | 40 |

3

# JOINT STATEMENT OF THE CASE

This is a case brought by Glynn Jones, an African American, claiming Discrimination and Retaliation against his former employer, Cargill, Incorporated. Mr. Jones alleges he was terminated in January of 2004, in part due to his race and/or in retaliation for earlier complaints of discrimination. Mr. Jones contends that as a result of his complaints and in part due to his race, he was suspended in February of 2003 and later fired in January of 2004. Cargill denies Mr. Jones' claims and contends that the discipline and discharge resulted from acts of dishonesty and legitimate violations of company policy.

Case 1:05-cv-00129-LRR-JSS     Document 35     Filed 03/19/07     Page 4 of 41

**JOINT PROPOSED INSTRUCTION NO. 1**

**EXPLANATORY**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions. You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important.

**Authority:**    Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, No. 3.01 (2001)

## JOINT PROPOSED INSTRUCTION NO. 2

## JUDGE'S OPINION

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

[During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.]

**Authority:    Eighth Cir. Model Instr. 3.02.**

**JOINT PROPOSED INSTRUCTION NO. 3**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**Authority:    Eighth Cir. Model Instr. 3.03.**

7

## JOINT PROPOSED INSTRUCTION NO. 4

## BURDEN OF PROOF

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

**Authority: Eighth Cir. Model Instr. 3.04.**

**PROPOSED INSTRUCTION NO. 5A**

**AGENTS**

An organization such as a union acts only through its agents, officers, members, or employees. Any agent, officer, member, or employee of a union may bind the union by acts and statements made while acting within the scope of the authority delegated to him or her by the union, or within the scope of his or her duties as a member, officer, or employee.

**Authority:** Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, No. 8.01 (2001) (adapted).

PROPOSED BY PLAINTIFF

**Objection: C) both to the giving of the instruction and to the language of the instruction.**
An instruction regarding agency is unnecessary and inappropriate in the present lawsuit. The actions of Defendant were official company actions, and there are no agency issues for the jury to decide. Moreover, Defendant objects to the use of the word "union" as irrelevant and confusing to the jury as to the relevant issues.

9

**JOINT PROPOSED INSTRUCTION NO. 6**

**CORPORATION**

In this case, Defendant Cargill, Incorporated is a corporation.  The fact that Defendant is a corporation should not affect your decision.  All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any person.

**Authority:  <u>Heaton v. The Weitz Company</u>, No. 05-CV-102-LRR (instruction 6).**

**JOINT PROPOSED INSTRUCTION NO. 7**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM.**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Authority:    Eighth Cir. Model Instr. 3.06.**

11

**PROPOSED INSTRUCTION NO. 8A**

**REASONABLE PERSON PERSPECTIVE**

Behavior that a reasonable person would find objectionable may be illegal even if many people deem it to be harmless or insignificant. Conduct that some may consider appropriate may offend a reasonable person. Conduct that creates a hostile environment includes such conduct that can detract from employees' job performances, discourage people from remaining on the job, or keep people from advancing. In a claim for harassment, the conduct must be such that a reasonable person would find it hostile or abusive.

**Authority:**

Harris v. Forklift Systems, 114 S.Ct. 367, 370 (1993)

Gillming v. Simmons Industries, 91 F.3d 1168, 1172 (8th Cir. 1996)

Burns v. McGregor Electric. Indus., 989 F.2d 959 n.3 (8th Cir. 1993)

Andrews v. City of Philadelphia, 895 F.2d 1469 (3rd Cir. 1992)

Ellison v. Brady, 924 F.2d 872 (9th Cir. 1991)

PROPOSED BY PLAINTIFF

**Objection: C) both to the giving of the instruction and to the language of the instruction.**
An instruction regarding harassment is unnecessary and inappropriate in the present lawsuit, which does not involve a hostile environment claim but instead only involves termination and retaliation claims. Such an instruction would confuse the jury as to the relevant issues of the case. Moreover, Defendant objects to the language of the instruction in its entirety as misstating the law regarding a retaliation claim. Whether a reasonable person could believe that he or she was reporting harassment "depends upon whether or not a reasonable person could believe that

12

the conduct could satisfy Title VII's definition of actionable harassment." Martinez v. Cole Sewell Corp., 233 F.Supp.2d 1097, 1119 (N.D. Iowa 2002). Under Title VII, sexual harassment is actionable only "if the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Eliserio v. United Steel Workers, 398 F.3d 1071, 1076 (8th Cir. 2005); Martinez, 233 F.Supp.2d at 1119 (quoting Faragher v. Boca Raton, 524 U.S. 775, 786 (1998)). "Foul language" alone cannot constitute harassment. Martinez, 233 F.Supp.2d at 1119.

# PROPOSED INSTRUCTION NO. 9A

## TITLE VII - ELEMENTS

<u>Mr. Jones has asserted a race discrimination claim.</u>  Your verdict must be for the plaintiff, and against defendant Cargill, on the race discrimination claim if all the following elements have been proved by the preponderance of the evidence:

>*First*, the defendant discharged the plaintiff; and
>
>*Second*, the plaintiff's race was a motivating factor in the defendant's decision.

If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering <u>the claim of race discrimination</u>.  You may find that the plaintiff's race was a motivating factor in the defendant's decision if <u>defendant</u> has been proved by the preponderance of the evidence that the defendant's stated reason(s) for its decisions are a pretext to hide discrimination.


**Authority:   Eighth Cir. Model Instr. 5.01 (additions underlined and deletions stricken);**

PROPOSED BY PLAINTIFF


**Objection:  A) to the language of the instruction.**    Defendant objects to the following language as misstating the law:   "Your verdict must be for the plaintiff, and against defendant Cargill, on the race discrimination claim if all the following elements have been proved …."  The instruction should, instead, contain the following language as requested by Cargill:   "In addition, your verdict must be for the defendant if it has been proven by the greater weight of the evidence that the defendant would have discharged the plaintiff regardless of his race." <u>See</u> Eighth Circuit Model Jury Instruction 5.62.

14

**PROPOSED INSTRUCTION NO. 9B**

**TITLE VII - ELEMENTS**

Plaintiff Jones has asserted a race discrimination claim.   To establish this claim, Plaintiff must have proven each of the following elements by the preponderance of the evidence:

*First*, the defendant [discharged] the plaintiff; and

*Second*, the plaintiff's race was a motivating factor in the defendant's decision.

If either of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim.  In addition, your verdict must be for the defendant if it has been proven by the greater weight of the evidence that the defendant would have discharged the plaintiff regardless of his race.

**Authority:    Eighth Cir. Model Instr. 5.01 (additions underlined and deletions stricken); Eighth Cir. Model Instr. 5.62 (source of final sentence).**

PROPOSED BY DEFENDANT

PLAINTIFF'S OBJECTIONS CATEGORY (B)

**Plaintiff's primary objection is the need to clarify that the burden is on defendant, not plaintiff to prove that it would have discharged the plaintiff in any event.  Plaintiff requests that this be clarified and that if the Court submits an affirmative defense instruction that any references to this also refer to that instruction.**

15

**PROPOSED INSTRUCTION NO. 10A**

**RETALIATION FOR OPPOSITION TO HARASSMENT OR DISCRIMINATION**

Your verdict must be for the plaintiff and against the defendant on the Plaintiff's retaliation claim if all the following elements have been proved by the preponderance of the evidence:

*First*, the plaintiff complained to the defendant that he or <u>another employee or group of employees was being subjected to harassment or discrimination on the basis of race or that he or another employee or group of employees were being subjected to retaliation based on prior complaints of discrimination or harassment based on race;</u>

*Second*, the plaintiff reasonably believed that <u>he or another employee or group of employees was</u> being harassed or discriminated against on the basis of race or subjected to retaliation, and

*Third*, the defendant (<u>disciplined or</u> discharged)₆ the plaintiff; and

*Fourth*, <u>any of</u> the plaintiff's complaints racial harassment, discrimination <u>or retaliation</u> was a (motivating) factor in the defendant's decision to discharge the plaintiff.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim. In addition, your verdict must be for the defendant if it has been proved by the preponderance of the evidence that the defendant would have <u>disciplined or</u> discharged the plaintiff even if the plaintiff had not complained about race harassment/discrimination or retaliation. You may find that the plaintiff's complaints were a motivating factor in the defendant's decisions if it has been proved by the preponderance of the evidence that the defendant's stated reason(s) for its decision are a pretext to hide discrimination.

16

**Authority:    Eighth Cir. Model Instr. 5.62 (additions underlined and deletions stricken).**

PROPOSED BY PLAINTIFF

**Objection:    A) to the language of the instruction.**    Defendant objects to the following language as misstating the law:    "Your verdict must be for the plaintiff and against the defendant on the Plaintiff's retaliation claim if all the following elements have been proved …." The instruction should, instead, contain the following language as requested by Cargill:    "In addition, your verdict must be for the defendant if it has been proven by the preponderance of the evidence that the defendant would have discharged the plaintiff even if the plaintiff had not complained about alleged race discrimination."    See Eighth Circuit Model Jury Instruction 5.62. Defendant objects to Plaintiff's articulation of the retaliation claim as vague, ambiguous and not consistent with the pleadings.    Specifically, Defendant objects to the following language:    "that he or another employee or group of employees was being subjected to harassment or discrimination on the basis of race or that he or another employee or group of employees were being subjected to retaliation based on prior complaints of discrimination or harassment based on race"; "he or another employee or group of employees"; and "disciplined or discharged." Defendant also objects to the phrase "any of the plaintiff's complaints [sic] racial harassment, discrimination or retaliation" as improperly stating the law regarding retaliation.    Whether a reasonable person could believe that he or she was reporting harassment "depends upon whether or not a reasonable person could believe that the conduct could satisfy Title VII's definition of actionable harassment."    Martinez v. Cole Sewell Corp., 233 F.Supp.2d 1097, 1119 (N.D. Iowa 2002). Under Title VII, sexual harassment is actionable only "if the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."    Eliserio v. United Steel Workers, 398 F.3d 1071, 1076 (8th Cir. 2005); Martinez, 233 F.Supp.2d at 1119 (quoting Faragher v. Boca Raton, 524 U.S. 775, 786 (1998)).    "Foul language" alone cannot constitute harassment.    Martinez, 233 F.Supp.2d at 1119.

17

## PROPOSED INSTRUCTION NO. 10B

## RETALIATION FOR OPPOSITION TO HARASSMENT OR DISCRIMINATION

Plaintiff Jones has asserted a retaliation claim. To establish this claim, Plaintiff must have proven each of the following elements by the preponderance of the evidence:

*First*, the plaintiff complained to the defendant that he was being discriminated against on the basis of race; and

*Second*, the plaintiff reasonably believed that he was being discriminated against on the basis of race; and

*Third*, the defendant discharged the plaintiff; and

*Fourth*, the plaintiff's complaint of alleged race discrimination was a motivating factor in the defendant's decision to discharge the plaintiff.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim. In addition, your verdict must be for the defendant if it has been proved by the preponderance of the evidence that the defendant would have discharged the plaintiff even if the plaintiff had not complained about alleged race discrimination.

**Authority:    Eighth Cir. Model Instr. 5.62 (additions underlined and deletions stricken).**

PROPOSED BY DEFENDANT

PLAINTIFF OBJECTIONS CATEGORY (A)

**The facts of this case warrant additional language. Mr. Jones was not only fired, he was**

**disciplined leading to termination. Mr. Jones was not only complaining about**

**discrimination or harassment, but was engaging in protected activity regarding hiring,**

**promotion, harassment and equal treatment issues for himself and other minorities.**

**Plaintiff merely requests language that remains consistent with the facts of the case.**

18

# PROPOSED INSTRUCTION NO. 11A

## RETALIATION FOR COMPLAINT OF RACIAL HARASSMENT

Individuals are protected against retaliation for a complaint of racial harassment or discrimination even if the conduct complained of does not legally constitute racial harassment. All that is required is that the complaining person has a reasonable belief that harassment has taken place.

Authority

42 U.S.C. Section 2000e-3(a)

Reed v. A.W. Lawrence & Co., 95 F.3d 1170 (2d Cir. 1996)

McDonnell v. Cisneros, 84 F.3d 256 (7th Cir. 1996)

Trent v. Valley Elect. Ass'n, 41 F.3d 524 (9th Cir. 1994)

Meeks v. Computer Assoc. Int'l, 15 F.3d 1013 (11th Cir. 1994).

PROPOSED BY PLAINTIFF

**Objection: A) to the language of the instruction.** Defendant objects to the language of the instruction in its entirety as misstating the law regarding a retaliation claim. Whether a reasonable person could believe that he or she was reporting harassment "depends upon whether or not a reasonable person could believe that the conduct could satisfy Title VII's definition of actionable harassment." Martinez v. Cole Sewell Corp., 233 F.Supp.2d 1097, 1119 (N.D. Iowa 2002). Under Title VII, sexual harassment is actionable only "if the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Eliserio v. United Steel Workers, 398 F.3d 1071, 1076 (8th Cir. 2005); Martinez, 233 F.Supp.2d at 1119 (quoting Faragher v. Boca Raton, 524 U.S. 775, 786 (1998)). "Foul language" alone cannot constitute harassment. Martinez, 233 F.Supp.2d at 1119.

19

## JOINT PROPOSED INSTRUCTION NO. 12

## DEFINITION OF MOTIVATING FACTOR

As used in these instructions, the plaintiff's <u>race or complaints regarding alleged race discrimination</u> was a "motivating factor," if the plaintiff's <u>race or complaints</u> played a part in the defendant's decision to <u>discharge</u> the plaintiff.  However, the plaintiff's <u>race or complaints</u> need not have been the only reason for the defendant's decision to <u>discharge</u> the plaintiff.


**Authority:    Eighth Cir. Model Instr. 5.96 (modifications underlined).**

20

## PROPOSED INSTRUCTION NO. 13A

## RETALIATION – ADVERSE ACTION

"Adverse action" means any action which has consequences to an employee. It includes, but is not limited to, such employment actions as constructive discharge, threats, reprimands, negative evaluations, harassment, a change in duties, a change in opportunities, or other actions which adversely affect or undermine the position of the employee.

**Authority**

42 U.S.C. Section 2000e-2(a)(1)

E.E.O.C. Compliance Manual § 8-II(D)(1)

Casey v. Riedel, 195 F. Supp.2d 1122, 1131-32 (S.D. Iowa 2002)

Cherry v. Menard, Inc., 101 F.Supp.2d 1160, 1171-75 (N.D. Iowa 2000)

Durham Life Ins. Co. v. Evans, 166 F.3d 139, 149 n.5 (3d Cir. 1999)

Galloway v. Matagorda County, 35 F.Supp.2d 952, 957 (S.D. Tx. 1999)

Lintz v. American Gen. Finance, 50 F.Supp.2d 1074 (D. Kan. 1999)

Jones v. USA Petroleum Corp., 20 F.Supp.2d 1379, 1383 (S.D. Ga. 1998)

Frazier v. Fairhaven School Committee, 276 F.3d 52, 67 (1st Cir. 2002)

Landon v. Oswego Unit School District, 2001 WL 649560 at* 6 (N.D. Ill. 2001)

PROPOSED BY PLAINTIFF

**Objection: C) both to the giving of the instruction and to the language of the instruction.**
Defendant objects to the giving of an instruction regarding adverse action because such an instruction is not necessary. Defendant objects to the language of the instruction in its entirety as misstating the law regarding adverse action. The Supreme Court has held that adverse action is limited to an employer's actions "that would have been materially adverse to a reasonable

21

employee or job applicant." <u>Burlington Northern v. White</u>, 126 S. Ct. 2405, 2409 (2006). The Supreme Court has also held that adverse action "means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." <u>Id.</u>

**PROPOSED INSTRUCTION 14A**

**BUSINESS JUDGMENT - MOTIVATING FACTOR**

You may not return a verdict for the plaintiff just because you might disagree with the

defendant's (decision)₁ or believe it to be harsh or unreasonable.

**Authority:     Eighth Cir. Model Instruction 5.94 (business judgment - Title VII cases).**

PROPOSED BY PLAINTIFF

**Objection:  A) to the language of the instruction.**    The one sentence contained in Plaintiff's instruction is not adequate to explain this significant concept to the jury.   The following language (as requested by Defendant) is also necessary:   "An employer may discipline or discharge an employee for any reason, good or bad, fair or unfair, as long as it is not a discriminatory or retaliatory reason.  Neither Plaintiff's race nor complaint of alleged race discrimination offer him immunity from discipline or discharge.  The fact that an employment decision may be erroneous, based on poor administration or bad policy or based on poor communication or lack of study or even based on personal dislike or animosity, does not constitute discrimination or retaliation, unless the intent to discriminate or retaliate also played a part in the decision.  In short, the "motivating factor" element is only proved if you find by the greater weight of the evidence that Plaintiff's race or his complaints regarding alleged race discrimination was a motivating factor in Defendant's decision to discharge him.  It is for you to decide whether Plaintiff's race or complaints was a "motivating factor" for his discharge."

**Authority:  Heaton v. The Weitz Company, No. 05-CV-102-LRR (instruction 11); 8th Cir. Model Instruction 5.94 (business judgment - Title VII cases); Calder v. TCI Cablevision of Mo., 298 F.3d 723, 731 (8th Cir. 2002); Wells v. SCI Mgmt, L.P., 2006 WL 3455092 at \*5 (8th Cir. 2006); Fuller v. Alliant Energy Corp. Serv, Inc., 2006 WL 2945971 at \*24 (N.D. Iowa 2006).**

23

## PROPOSED INSTRUCTION 14B

## BUSINESS JUDGMENT - MOTIVATING FACTOR

You cannot find the "motivating factor" element has been proved simply because you disagree with Defendant's decisions or think that those decisions were harsh or unreasonable. An employer may discipline or discharge an employee for any reason, good or bad, fair or unfair, as long as it is not a discriminatory or retaliatory reason. <u>Neither Plaintiff's race nor complaint of alleged race discrimination offer him immunity from discipline or discharge</u>. The fact that an employment decision may be erroneous, based on poor administration or bad policy or based on poor communication or lack of study or even based on personal dislike or animosity, does not constitute discrimination or retaliation, unless the intent to discriminate or retaliate also played a part in the decision. In short, the "motivating factor" element is only proved if you find by the greater weight of the evidence that Plaintiff's race or his complaints regarding alleged race discrimination was a motivating factor in Defendant's decision to discharge him. It is for you to decide whether Plaintiff's race or complaints was a "motivating factor" for his discharge.

**Authority:** <u>Heaton v. The Weitz Company</u>, No. 05-CV-102-LRR (instruction 11). <u>See also</u> 8th Cir. Model Instruction 5.94 (business judgment - Title VII cases).

**Modification:** <u>Calder v. TCI Cablevision of Mo.</u>, 298 F.3d 723, 731 (8th Cir. 2002); <u>Wells v. SCI Mgmt, L.P.</u>, 2006 WL 3455092 at *5 (8th Cir. 2006); <u>Fuller v. Alliant Energy Corp. Serv, Inc.</u>, 2006 WL 2945971 at *24 (N.D. Iowa 2006).

PROPOSED BY DEFENDANT

PLAINTIFF'S OBJECTIONS CATEGORY (A)

This instruction is simply an effort by defendant to force the jury into an interpretation of a motivating factor that is not consistent with the law or the stock instructions. (**Eighth Cir. Model Instr. 5.96**) The language used above is not consistent with the a motivating factor language as it suggests complete immunity in decisions and it suggests that unless plaintiff can show that race or retaliation was the sole factor or primary factor he cannot prevail. (See prior legal authority and stock jury instructions for 8th Circuit) If this instruction is granted, then plaintiff will need an expanding instruction to suggest all the ways that race can be a factor in an

24

decision including that it can affects perception or judgment in the decisions being made by an employer.   Plaintiff has not proposed additional language because the modifications to this instruction that would be required to make certain the jury is not swayed one way or another in its interpretation of when race or retaliation can be a motivating factor are so great that it will simply confuse the jury.   The stock instruction on this issue is fair and does not unreasonably interfere with the definitions of a motivating factor or the elements of a Title VII case used in other stock instructions.

**JOINT PROPOSED INSTRUCTION NO. 15**

**TITLE VII - "SAME DECISION"**

If you find in favor of the plaintiff under Instruction ____, then you must answer the following question in the verdict form[s]:  Has it been proved by the preponderance of the evidence that the defendant would have discharged the plaintiff regardless of his <u>race</u>?

If you find in favor of the plaintiff under Instruction ___, then you must answer the following question in the verdict form[s].  Has it been proved by the preponderance of the evidence that the defendant would have discharged the plaintiff regardless of his <u>complaints regarding alleged race discrimination</u>?

**Authority:   Eighth Cir. Model Instr. 5.01A.**

**PROPOSED INSTRUCTION NO. 16A**

**AFFIRMATIVE ACTION DUTIES AND POLICIES**

In addition to the laws against discrimination and retaliation, Cargill is held to a higher standard under Executive Order 11246 (policy requiring affirmative action to prevent race from operating as a barrier in employment) because of Cargill's classification as a federal contractor. Under this order, Cargill has a duty to take affirmative action to prevent race from operating as a barrier in employment decisions including hiring, discipline, promotion and retention. Under this Executive Order Cargill must also maintain the following:

> Written affirmative action programs and supporting documentation, including required work force analysis and utilization evaluation; other records and documents relating to compliance with applicable EEO nondiscrimination and affirmative action requirements, including records and documents on nature and use of tests, validations of tests, and test results as required; records pertaining to construction industry EEO plans and requirements.

You may consider any duties that Cargill has under its duty as an affirmative action employer or its own affirmative action policies or discrimination policies (failure or proper performance) in assessing the claims of discrimination or retaliation. This instruction is merely a statement of the law and is not intended to suggest either a failure of that duty or performance of those duties by this defendant.

**Authority: Executive Order 11246 and 41 CFR 60-1.7**

*Milburn v. West*, 854 F.Supp. 1, 13 (D.D.C. 1994)

*Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265 (1978)

*Grutter v. Bollinger*, 123 S.Ct. 2325 (2003)


PROPOSED BY PLAINTIFF


**Objection:  C) both to the giving of the instruction and to the language of the instruction.**
Defendant objects to the giving of an instruction regarding its status as affirmative action employer.  The issue of affirmative action is entirely irrelevant to the present case, which only involves claims of race discrimination and retaliation.  Plaintiff's authority does not support the giving of such an instruction.  The Supreme Court cases relied upon by Plaintiff are not relevant. Regents v. University of California, 438 U.S. 265 (1978) was not an employment discrimination action but rather involved a challenge to a "special" admissions program for "disadvantaged minority students."  Grutter v. Bollinger, 123 S. Ct. 2325 (2003) addressed the issue of whether a race-conscious admissions policy violates the Equal Protection Clause.  The DC case relied upon by Plaintiff, Milburn v. West, is not binding authority.  Moreover, that case confirms that a party's failure to comply with its own equal employment obligations cannot form a basis for liability under Title VII.  854 F. Supp. 1, 13 (D. D.C. 1994). See Defendant's Renewed Motion in Limine ¶ 2.  Defendant objects to the language of the instruction in its entirety for the reasons stated above.

**PROPOSED INSTRUCTION NO. 17B**

**IMMUNITY**

The fact that Jones engaged in protected conduct (by making complaints) does not give him immunity for past or present improper conduct. The fact that Jones engaged in protected conduct (by making complaints) does not insulate him from discipline or discharge.

**Authority:** Wells v. SCI Management, L.P., 2006 WL 3455092 at * 5 (8th Cir. 2006) (filing a complaint of discrimination "does not clothe" the plaintiff "with immunity for past and present inadequacies") (quoting Calder v. TCI Cablevision of Mo., 298 F.3d 723, 731 (8th Cir. 2002)); Fuller v. Alliant Energy Corp. Serv., Inc., 2006 WL 2945971 at * 24 (N.D. Iowa 2006) ("membership in a protected class or engaging in protected activity does not insulate a 'protected' employee from discipline for misconduct or deficient performance").

PROPOSED BY DEFENDANT
PLAINTIFF'S OBJECTIONS CATEGORY (C)

The stock instructions are adequate combined with the business judgment stock instruction.

## PROPOSED INSTRUCTION NO. 18B

## GAP IN TIME

A gap in time between an employee's complaint and his discipline/discharge makes it

less likely that the employee's complaint was a motivating factor in the discipline/discharge.

**Authority:** Wells v. SCI Management, L.P., 2006 WL 3455092 at * 5 (8th Cir. 2006) (explaining that any "gap in time" between the protected conduct and the adverse employment action "weakens an inference of retaliatory motive").  See also Clark County School Dist. v. Breeden, 532 U.S. 268, 273-4 (2001) (noting that temporal proximity must be "very close" to prove causation and citing with approval cases holding that a 3-month period and a 4-month period are insufficient to establish causation).

PROPOSED BY DEFENDANT
PLAINTIFF'S OBJECTIONS CATEGORY (C)

The cases cited by defendant are summary judgment issues.  The time gap in this case is simply a piece of circumstantial evidence that can be argued by the defendant just as the lack of a gap in time can be argued by plaintiff for the suspension in February of 2003.

**PROPOSED INSTRUCTION NO. 19A**

**TITLE VII - ACTUAL DAMAGES**

If you find in favor of the plaintiff under Instruction _____ and if you answer "no" in response to Instruction _____, then you must award the plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of "the defendant's decision to discharge the plaintiff".  The plaintiff's claim for damages includes three distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits[4] the plaintiff would have earned in his employment with the defendant if he had not been discharged on the date of discharge through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by the plaintiff, such as [list damages supported by the evidence].  You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that the plaintiff has a duty under the law to "mitigate" his/her damages - that is, to exercise reasonable diligence under the circumstances to minimize his/her damages.  Therefore, if you find by the greater weight of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

**Authority:   Eighth Cir. Model Instr. 5.02A.**


PROPOSED BY PLAINTIFF

**Objection:  A) to the language of the instruction.**    The language contained in Plaintiff's instruction is not adequate to explain the concept of damages to the jury.   The following language (as requested by Defendant) is also necessary:   "The fact that I am instructing you on the proper measure of damages should not be considered as an indication that I have any view as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given only for your guidance in the event that you should find that Plaintiff is entitled to damages in accord with other instructions. … Attached to these instructions is a Verdict Form, which you must fill out. In the "damages" sections of the Verdict Form, that is, _____, you should only award those damages, if any, that Plaintiff has proved by the greater weight of the evidence were proximately caused by Defendant's wrongful conduct toward Plaintiff."
**Authority:   Eighth Cir. Model Instr. 5.02A; <u>Heaton v. The Weitz Company</u>, No. 05-CV-102-LRR (instruction 12) (source of additional language).**

**PROPOSED INSTRUCTION NO. 19B**

**TITLE VII - ACTUAL DAMAGES**

The fact that I am instructing you on the proper measure of damages should not be considered as an indication that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance in the event that you should find that Plaintiff is entitled to damages in accord with other instructions.

If you find in favor of the plaintiff under Instruction _____ and if you answer "no" in response to Instruction _____, then you must award the plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of "the defendant's decision to discharge the plaintiff". The plaintiff's claim for damages includes three distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits[4] the plaintiff would have earned in his employment with the defendant if he had not been discharged on the date of discharge through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by the plaintiff, such as [list damages supported by the evidence]. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that the plaintiff has a duty under the law to "mitigate" his/her damages - that is, to exercise reasonable diligence under the circumstances to minimize his/her damages. Therefore, if you find by the greater weight of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Attached to these instructions is a Verdict Form, which you must fill out. In the "damages" sections of the Verdict Form, that is, _____, you should only award those damages, if any, that Plaintiff has proved by the greater weight of the evidence were proximately caused by Defendant's wrongful conduct toward Plaintiff.

**Authority:  Eighth Cir. Model Instr. 5.02A (modifications underlined); Heaton v. The Weitz Company, No. 05-CV-102-LRR (instruction 12) (source of additional language).**

PROPOSED BY DEFENDANT
PLAINTIFF'S OBJECTIONS CATEGORY (A)

The language from defendant varies from the stock and should be denied.

## PROPOSED INSTRUCTION NO. 20A

## PUNITIVE DAMAGES

In addition to the damages mentioned in the other instructions, the law permits the jury under certain circumstances to award an injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff on his claim of racial harassment under federal law or his claim of retaliation, and if you find that Defendants acted with malice or with reckless indifference to Plaintiff's rights not to be harassed, discriminated against, or retaliated against, then in addition to any damages to which you find Plaintiff entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish the Defendants or to deter them and others from like conduct in the future. Whether to award punitive damages, and the amount of those damages, are within your discretion.

You may assess punitive damages against either or both Defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.

**Authority:    Eighth Circuit Jury Instructions 5.02C**

PROPOSED BY PLAINTIFF

**Objection:  C) both to the giving of the instruction and to the language of the instruction.**
Defendant objects to the giving of this instruction because, as a matter of law, the evidence does not support the submission of a punitive damages claim. Defendant also objects to the language of the instruction.  First, Plaintiff's instruction refers to multiple defendants, which is inaccurate.

Second, Plaintiff's instruction is not based on the current version of Eighth Circuit Model Instruction 5.02C. If the Court determines that it is appropriate to submit a punitive damages instruction, it should be based on the current version of Instruction 5.02C. Third, any punitive damages instruction should inform the jury that it cannot punish Defendant for harm to anyone other than Mr. Jones, as the United States held in its recent punitive damages decision, Philip Morris v. Williams, 127 S. Ct. 1057 (2007).

**PLAINTIFF'S VERDICT FORM A**


1.     **Did Plaintiff Glynn Jones prove by a preponderance of the evidence that his race was a motivating factor in his discharge?**

       **Please answer "yes" or "no."**

       _____

(If your answer to Question 1 is "yes," go to Question 2. If your answer to Question 2 is "no," go to Question 3).


2.     **Did Defendant Cargill prove by a preponderance of the evidence that it would have made the same decision to discharge Plaintiff Glynn Jones regardless of his race?**

       **Please answer "yes" or "no."**

       _____

(Go to Question 3).

3.     **Did Plaintiff Glynn Jones prove by a preponderance of the evidence that his complaints regarding alleged race discrimination or harassment were a motivating factor for his discharge?**

       **Please answer "yes" or "no."**

       _____

(If your answer to Question 3 is "yes," go to Question 4. If your answer to Question 3 is "no," go to Question 5).


4.     **Did Defendant Cargill prove by a preponderance of the evidence that it would have made the same decision to discharge Plaintiff Glynn Jones regardless of his complaints regarding alleged race discrimination or harassment?**

       **Please answer "yes" or "no."**

       _____

(Go to Question 5).

**5.      Note:    Answer the following questions only if you answered "yes" to Question 1 or Question 3 (or "yes" to both Questions 1 and 3):**

**Question No. 5:** What amounts do you order Defendant to pay for Plaintiff's damages for each

of the following items?

1.      Past Medical Expenses                                   $ _____

2.      Future Medical Expenses                                $ _____

3.      Lost past earnings                                            $ _____

4.      Lost future earnings                                         $ _____

5.      Damages for Emotional Distress in
        the past – Racial Discrimination              $ _____

6.      Damages for Emotional Distress in
        the future – Racial Discrimination           $ _____

7.      Damages for Emotional Distress in
        the past – Retaliation                                 $ _____

8.      Damages for Emotional Distress in
        the future – Retaliation                              $ _____


 **(If you have answered "yes" to Question 1 and/or Question 3, then proceed to Question**

**No. 5.  If you have answered "no" to both Question 1 and Question 3, then do not answer**

**any further questions).**


**Question No. 5:**  What amount of punitive damages, if any, do you assess against the

Defendant?

$ _____

_____

Foreperson


_____

Date



**Defendant's Objection:**
Defendant objects to the use of the word "harassment" in the verdict form.  Defendant objects to the submission of a punitive damages claim.  Defendant objects to Plaintiff's articulation of his elements of damages.

**DEFENDANT'S VERDICT FORM B**

1.      Did Plaintiff Glynn Jones prove by a preponderance of the evidence that his race was a motivating factor for his discharge?

        Please answer "yes" or "no."

        _____

(If your answer to Question 1 is "yes," go to Question 2. If your answer to Question 2 is "no," go to Question 3).

2.      Did Defendant Cargill prove by a preponderance of the evidence that it would have made the same decision to discharge Plaintiff Glynn Jones regardless of his race?

        Please answer "yes" or "no."

        _____

(Go to Question 3).

3.      Did Plaintiff Glynn Jones prove by a preponderance of the evidence that his complaints regarding alleged race discrimination were a motivating factor for his discharge?

        Please answer "yes" or "no."

        _____

(If your answer to Question 3 is "yes," go to Question 4. If your answer to Question 3 is "no," go to Question 5).

4.      Did Defendant Cargill prove by a preponderance of the evidence that it would have made the same decision to discharge Plaintiff Glynn Jones regardless of his complaints regarding alleged race discrimination?

        Please answer "yes" or "no."

        _____

(Go to Question 5).

**5.    Note:    Answer the following questions only if you answered "yes" to Question 1 or Question 3 (or "yes" to both Questions 1 and 3):**

        **a.        We find Plaintiff's _____ damages to be:**

        **Answer:  $ _____ (stating the amount or, if none, write the word "none.")**

**Authority:    <u>Singh v. Allen Memorial Hosp.,</u> No. 04-CV-2090-LRR (verdict form)**