IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| GLYNN JONES,<br><br>   Plaintiff,<br><br>vs.<br><br>CARGILL, INC.,<br><br>   Defendant. | No. 05-CV-129-LRR<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

  Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

# PRELIMINARY INSTRUCTION NO. 1

This is a civil case brought by Plaintiff Glynn Jones against Defendant Cargill, Inc. Defendant employed Plaintiff, who is African-American. Plaintiff alleges that Defendant terminated him in January of 2004, in part due to his race and in retaliation for earlier complaints of discrimination. Defendant denies Plaintiff's claims and contends that the discharge resulted from acts of dishonesty and legitimate violations of company policy.

It will be your duty to decide from the evidence whether Plaintiff is entitled to verdicts against Defendant.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdicts. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

## PRELIMINARY INSTRUCTION NO. 2

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying in a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you just verdicts, unaffected by anything except the evidence, your common sense and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdicts should be.

# PRELIMINARY INSTRUCTION NO. 3

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated—that is, formally agreed to by the parties; and any facts that have been judicially noticed—that is, facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits or documents that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

6. Anything that might have been said by potential jurors or the attorneys during the jury selection process is not evidence.

(CONTINUED)

## PRELIMINARY INSTRUCTION NO. 3 (cont'd)

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

## PRELIMINARY INSTRUCTION NO. 4

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# PRELIMINARY INSTRUCTION NO. 5

During the trial, it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

If the bench conference is held in the courtroom, we will switch on what we refer to as "white noise" so that the jurors cannot hear what is being said by the lawyers and me. While the bench conferences are being conducted, feel free to stand and stretch and visit among yourselves about anything except the case.

## PRELIMINARY INSTRUCTION NO. 6

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

If you wish, you may take notes during the presentation of evidence to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

Before we begin the evidence, one of my law clerks will give each juror an envelope with a pad and pen in it. The envelopes are numbered according to your seat in the jury box. When you leave for breaks or at night please put your pad and pen in the envelope and leave the envelope on your chair. Your notes will be secured and they will not be read by anyone.

## PRELIMINARY INSTRUCTION NO. 7

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdicts.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdicts have been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me through the Court Security Officer.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

**(CONTINUED)**

## PRELIMINARY INSTRUCTION NO. 7 (cont'd)

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but, if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case you will know more about the matter than anyone will learn through the news media.

*Sixth*, do not do any research or make any investigation about the case on your own. Do not consult any reference materials such as the Internet, books, magazines, dictionaries or encyclopedias. Do not contact anyone to ask them questions about issues that may arise in the case. Remember you are not permitted to talk to anyone (except your fellow jurors) about this case or anyone involved with it until the trial is ended and I have discharged you as jurors.

*Seventh*, do not make up your mind during the trial about what the verdicts should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

## PRELIMINARY INSTRUCTION NO. 8

The trial will proceed in the following manner:

First, Plaintiff's attorney will make an opening statement. Next, Defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

Plaintiff's attorney will then present evidence and the attorney for Defendant may cross-examine. Following Plaintiff's case, Defendant may present evidence and the attorney for Plaintiff may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdicts.

April 17, 2007
DATE

LINDA R. READE, CHIEF JUDGE
U.S. DISTRICT COURT