# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

GLYNN JONES,

        Plaintiff,

vs.

CARGILL, INC.,

        Defendant.

No. 05-CV-129-LRR

**FINAL JURY INSTRUCTIONS**

---

Members of the jury, the written instructions I gave you at the beginning of the trial and the oral instructions I gave you during the trial remain in effect. I now give you some additional instructions.

The instructions I am about to give you, as well as the preliminary instructions given to you at the beginning of the trial, are in writing and will be available to you in the jury room. *All* instructions, whenever given and whether in writing or not, must be followed. This is true even though some of the instructions I gave you at the beginning of the trial are not repeated here.

In considering these instructions, the order in which they are given is not important.

## INSTRUCTION NO. 1

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

# INSTRUCTION NO. 2

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it or none of it.

In deciding what testimony to believe, you may consider a witness's intelligence, the opportunity a witness had to see or hear the things testified about, a witness's memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection, a lapse of memory, or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 3

In these instructions you are told that your verdicts depend on whether you find certain facts have been proven. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

## INSTRUCTION NO. 4

There are two types of evidence from which a jury may properly find the truth as to the facts of a case: direct evidence and circumstantial evidence. Direct evidence is the evidence of the witnesses to a fact or facts of which they have knowledge by means of their senses. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## INSTRUCTION NO. 5

Certain testimony has been received into evidence from a deposition. A deposition is testimony taken under oath before the trial and, in this case, preserved on a DVD. Consider that testimony as if it had been given here in court.

## INSTRUCTION NO. 6

In this case, Defendant is a corporation. The fact that Defendant is a corporation should not affect your decision. All persons are equal before the law, and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any person.

## INSTRUCTION NO. 7

A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his or her duties as an employee of the corporation.

## INSTRUCTION NO. 8

Your verdict must be for Plaintiff on Plaintiff's race discrimination claim if all the following elements have been proved by the greater weight of the evidence:

*First*, Defendant discharged Plaintiff; and

*Second*, Plaintiff's race was a motivating factor in Defendant's decision.

If either of the above elements has not been proved by the greater weight of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim. You may find that Plaintiff's race was a motivating factor in Defendant's decision if it has been proved by the greater weight of the evidence that Defendant's stated reason for its decision is a pretext to hide race discrimination.

## INSTRUCTION NO. 9

Your verdict must be for Plaintiff and against Defendant on Plaintiff's retaliation claim if all the following elements have been proved by the greater weight of the evidence:

*One,*      Plaintiff complained to Defendant that he or other African-Americans were being harassed or discriminated against on the basis of race;

*Two,*      Plaintiff reasonably believed that he or other African-Americans were being harassed or discriminated against on the basis of race;

*Three,*      Defendant subsequently discharged Plaintiff; and

*Four,*      Plaintiff's complaint of racial harassment or race discrimination was a motivating factor in Defendant's decision to discharge Plaintiff.

If any of the above elements has not been proved by the greater weight of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim. You may find that Plaintiff's complaints were a motivating factor in Defendant's decision if it has been proved by the greater weight of the evidence that Defendant's stated reason for its decision is a pretext to hide retaliation.

## INSTRUCTION NO. 10

As used in these instructions, Plaintiff's race or complaints regarding alleged racial harassment or discrimination was a "motivating factor" if Plaintiff's race or complaints regarding alleged racial harassment or discrimination played a part in Defendant's decision to discharge Plaintiff. However, Plaintiff's race or complaints need not have been the only reason for Defendant's decision to discharge Plaintiff.

## INSTRUCTION NO. 11

You may not return a verdict for Plaintiff just because you might disagree with Defendant's decision to discharge Plaintiff or believe it to be harsh or unreasonable.

# INSTRUCTION NO. 12

If you find in favor of Plaintiff on his race discrimination claim under Instruction No. 8, then you must answer the following question in Verdict Form No. 1: Has it been proved by the greater weight of the evidence that Defendant would have discharged Plaintiff regardless of his race?

If you find in favor of Plaintiff on his retaliation claim under Instruction No. 9, then you must answer the following question in Verdict Form No. 2: Has it been proved by the greater weight of the evidence that Defendant would have discharged Plaintiff regardless of his complaints regarding alleged race discrimination?

## INSTRUCTION NO. 13

If you find in favor of Plaintiff under Instruction No. 8 and if your answer is "no" in response to the first paragraph of Instruction No. 12, then you must award Plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate him for any damages you find Plaintiff sustained as a direct result of Defendant's decision to discharge Plaintiff. Likewise, if you find in favor of Plaintiff under Instruction No. 9 and if your answer is "no" in response to the second paragraph of Instruction No. 12, then you must award Plaintiff such sum as you find by the greater weight of the evidence will fairly and justly compensate him for any damages you find Plaintiff sustained as a direct result of Defendant's decision to discharge Plaintiff.

Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits Plaintiff would have earned in his employment with Defendant if he had not been discharged in January of 2004, through the date of your verdicts, *minus* the amount of earnings and benefits that Plaintiff received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by Plaintiff. You must enter separate amounts for each type of damages in the Verdict Forms and must not include the same items in more than one category.

You are also instructed that Plaintiff has a duty under the law to "mitigate" his damages—that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find by the greater weight of the evidence that Plaintiff failed to seek out or take advantage of an opportunity for employment that was reasonably available to him, you must reduce his damages by the amount he reasonably could have

### (CONTINUED)

## INSTRUCTION NO. 13 (cont'd)

avoided if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Finally, if you find that Plaintiff is entitled to damages, you must award full damages in accordance with the damage instructions on each claim on which you find Plaintiff has prevailed. I will prevent the award of any duplicative damages.

# INSTRUCTION NO. 14

Plaintiff seeks damages for back pay and other monetary benefits he lost and for emotional distress damages. I will explain these items of damages in turn. You must consider these two types of damages separately.

***Compensatory damages*** are those sums that you find by a greater weight of the evidence that will fairly and justly compensate Plaintiff for any damages you find he suffered as a direct result of Defendant's actions.

Plaintiff claims he lost wages and other monetary benefits at work because of discrimination and retaliation. Plaintiff also claims he lost overtime, double time pay and his pension. Plaintiff also claims he had to pay extra money out of his pocket to obtain health insurance coverage for him and his family after he was laid off from work.

***Emotional distress damages*** are the amount of damages that will reasonably compensate Plaintiff for the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life that were proximately caused by Defendant's wrongful conduct at issue in Plaintiff's claims. The amount, if any, that you assess for damages for emotional distress cannot be measured by an exact or mathematical standard, and Plaintiff is not required to introduce evidence of the monetary value of such damages. However, you must use your sound judgment, based upon impartial consideration of the evidence, to determine the amount of such damages.

The amount of emotional distress damages, if any, that you award must reflect the amount of emotional distress, if any, caused by Defendant's wrongful conduct at issue in the claims.

## INSTRUCTION NO. 15

If you find in favor of Plaintiff on any of his claims, but you do not find that Plaintiff's damages have monetary value, then you must return a verdict for Plaintiff in the nominal amount of One Dollar ($1.00).

## INSTRUCTION NO. 16

In arriving at an item of damage, you cannot arrive at a figure by taking down the estimate of each juror as to an item of damage, and agreeing in advance that the average of those estimates shall be your item of damage.

## INSTRUCTION NO. 17

Throughout the trial, you have been permitted to take notes. Your notes should be used only as memory aids, and you should not give your notes precedence over your independent recollection of the evidence.

In any conflict between your notes, a fellow juror's notes, and your memory, your memory must prevail. Remember that notes sometimes contain the mental impressions of the note taker and can be used only to help you recollect what the testimony was. At the conclusion of your deliberations, your notes should be left in the jury room for destruction.

## INSTRUCTION NO. 18

In conducting your deliberations and returning your verdicts, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach an agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should, but do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

**(CONTINUED)**

## INSTRUCTION NO. 18 (cont'd)

*Fourth*, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions. The verdicts must be unanimous. Nothing I have said or done is intended to suggest what your verdicts should be—that is entirely for you to decide.

*Fifth*, I am giving you Verdict Forms. The Verdict Forms are simply the written notices of the decisions that you reach in this case. The answers to the Verdict Forms must be the unanimous decisions of the jury. You will take the Verdict Forms to the jury room, and when you have completed your deliberations and each of you has agreed on the answers to the Verdict Forms, your foreperson will fill out the forms, and sign and date them. The foreperson must bring the signed Verdict Forms to the courtroom when it is time to announce your verdicts. When you have reached your verdicts, the foreperson will advise the Court Security Officer that you are ready to return to the courtroom.

*Finally*, members of the jury, take this case and give it your most careful consideration, and then without fear or favor, prejudice or bias of any kind, return such verdicts as accord with the evidence and these instructions.


DATED this 23 day of April, 2007.

LINDA R. READE, CHIEF JUDGE
U.S. DISTRICT COURT