# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GLYNN JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>CARGILL, INC.,<br><br>    Defendant. | No. 05-CV-129-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Cargill, Inc.'s Bill of Costs (docket no. 61-1). Plaintiff Glynn Jones filed a Resistance.

## *II. ANALYSIS*

In relevant part, Federal Rule of Civil Procedure 54(d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs . . . .

Fed. R. Civ. P. 54(d)(1). The Supreme Court and the Eighth Circuit Court of Appeals have interpreted Rule 54(d)(1) as permitting "[d]istrict courts . . . [to] award costs to a prevailing party . . . . [, but] such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v. Tenet Healthsys. SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (citing in part *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987)). "The bill of costs proposed by a winning party should always be given careful scrutiny." *Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975).

In the Bill of Costs, Defendant seeks $2,833.17 in reimbursement for the reporting, production and mailing of (1) certain deposition transcripts (totaling $1,455.32) and (2) an

arbitration transcript (totaling $1,377.85). Defendant seeks such costs pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920(2). Section 1920(2) provides that "[a] judge . . . of the United States may tax as costs . . . [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained in the case . . . ." 28 U.S.C. § 1920(2).

Defendant is clearly a "prevailing party" for purposes of Rule 54(d)(1), because a jury found in favor of Defendant on both of Plaintiff's claims and the court entered judgment accordingly. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-05 (2001) (defining "prevailing party" in context of fee-shifting statutes). The only question is whether § 1920(2) authorizes all of the amounts sought in the Bill of Costs.

### A. Deposition Transcripts

The portion of the Bill of Costs that requests reimbursement for the deposition transcripts totals $1,455.32. Although Plaintiff does not resist this portion of the Bill of Costs, Defendant's supporting documentation shows that Defendant's request includes $87.35 for postage and delivery expenses. *Compare* Bill of Costs (docket no. 61-1), at 3, *with* Bills for Deposition Transcripts (docket no. 61-2), at 4. Postage and delivery expenses for deposition transcripts are not recoverable under § 1920(2). *Smith*, 436 F.3d at 889 (citations omitted) (citing *Cleveland v. N. Am. Van Lines*, Inc., 154 F.R.D. 37, 38 (N.D.N.Y.), *rev'd on other grounds sub. nom. Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373 (2d Cir. 1994)). Accordingly, the court shall only award Defendant $1,367.97 for the costs of the deposition transcripts. *See Koppinger*, 513 F.2d at 911 (directing district court to carefully analyze request).

### B. Arbitration Transcript

The portion of the Bill of Costs that requests reimbursement for the arbitration transcript totals $1,377.85. Plaintiff resists this portion of the Bill of Costs in its entirety.

Defendant's supporting documentation shows that the court reporter billed

Defendant for the transcript on July 23, 2004.  *See* Bill for Arbitration Transcript (docket no. 61–2), at 1.  The instant lawsuit was not filed until July 26, 2005.  *See* Complaint (docket no. 2).  Because "the determination of necessity [with respect to § 1920(2)] must be made in light of the facts known at the time of the deposition," *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993), any costs in preparing the arbitration transcript were not necessarily obtained in *this* case.  28 U.S.C. § 1920(2); *see, e.g., Am. Auto. Accessories, Inc. v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998) (declining to tax deposition costs for depositions procured in related litigation before the federal case was commenced, because "the simple fact is that the depositions were not actually undertaken *ab initio* for use in presenting evidence to the court in *this* case" (emphasis in original)), *aff'd*, 175 F.3d 534 (7th Cir. 1999); *Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 114 (D. Md. 1989) (similar).  Accordingly, the court shall not award Defendant anything for the cost of the arbitration transcript.[1]

### III.  CONCLUSION

Accordingly, Defendant's Bill of Costs is **GRANTED IN PART AND DENIED IN PART** as set forth herein.  Plaintiff shall reimburse Defendant $1,367.97, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920(2).

**IT IS SO ORDERED.**

**DATED** this 31st day of May, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court also notes the request for the arbitration transcript also contains prohibited mailing costs.